## McDannold v. So. Covington & Cin'ti St. Ry. Co.

(Decided May 30, 1911.)

### Appeal from Campbell Circuit Court.

Filing Case Away—Order of Court—Motion to Set Aside—An order having been entered filing a case away because no steps had been taken in it for a year under a rule of court to this effect, should be set aside where it appears that though no steps had been taken in court, the parties were taking steps out of court and attempting to compromise the case, the motion to set aside the order having been made when the attorneys learned that it had been entered.

HUBBARD SCHWARTZ and MYERS & HOWARD for appellant.

L. J. CRAWFORD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

Frank M. McDannold brought this suit against the South Covington and Cincinnati Street Railway Company on March 17, 1905, to recover damages in the sum of $2,500 for an alleged wrongful ejection from one of its cars on which he was traveling as a passenger. On June 13, 1905, a motion was entered to take the petition for confessed, no answer having been filed; and to have a jury award damages. The motion was continued for one week. On June 10th the defendant filed an answer which traversed the allegations of the petition. On June 24th the plaintiff moved that the case be placed on the trial docket. On November 3, 1906, he again entered this motion, and on November 10, 1906, the case was set for trial on December 10, 1906. On December 6th by consent of parties the case was remanded to the rules. No further order having been made in the case, on January 25, 1908, the case was filed away, each party to pay his own costs. On April 13, 1910, the plaintiff entered a motion to redocket the case and assign it for trial. On April 16th this motion was passed one week, and on June 18th the motion was overruled, no affidavits in support of the motion having been filed. On November 12, 1910, the plaintiff filed notice and affidavits and moved the court to redocket the case. Counter affidavits were filed, and the court

upon hearing the whole matter refused to redocket the case. The plaintiff appeals.

Rule 20 made by the court pursuant to section 980 Kentucky Statutes is as follows:

"When an action has remained on the rule docket without any step indicating an intention to prosecute it being taken for one year, it will be filed away and not redocketed wthout good cause and notice to the parties interested. The clerk will furnish the court a list of such cases in January of each year."

The facts shown on the motion are these: the plaintiff's attorneys lived in Covington. When the case was assigned for trial in December, 1906, propositions were on hand for a settlement and the case was remanded to the rules with a view that a compromise might be effected between the parties. They did not however agree upon a compromise, but the matter continued to be discussed between the attorneys until December 1908, or according Ito the evidence for the plaintiff until some months thereafter, the plaintiff's attorneys not being aware that an order had been made filing the case away. After the efforts to compromise had proved fruitless, they learned of the order filing the case away and promptly entered a motion in April, 1910, to redocket the case. They then made arrangements with a local attorney to attend to the motion, but there was a misunderstanding between them and he understood that he was only to let them know when the motion was to be heard. He telephoned them but they did not get the word. When they found that this motion had been overruled, they filed affidavits and renewed the motion, but the court declined to allow the case redocketed. Appellee relies on the case of Beckwith v. South Covington R. R. Co., 23 R., 2313. But that case is not like this. There the plaintiff had not made up the issues, and failed Ito do this when he entered a motion to set aside the order filing the case away. In that case there had been no propositions of compromise. The apparent neglect to prosecute the suit is reasonably explained here, and under all the circumstances we conclude that the plaintiff should not be denied a trial of his case on the merits. The action was not dismissed for want of prosecution; it was simply filed away by the court, sua sponte under the rule because no steps

had been taken in it for a year. But the failure to take steps in the action within the year was due to the fact that the parties were trying to compromise it. They were taking no steps in court, but they were taking steps out of court. The delay in moving to set aside the order filing the case away is explained by the fact that the attorneys who live in Covington did not know that it had been entered, and the propositions to compromise continued for some time after it was entered. We are constrained to believe that if the affidavits now filed had been filed with the motion entered in April, 1910, the court would have sustained the motion then, but the fact that they were not then filed is explained by the misunderstanding between the attorneys. When that motion was overruled the summer vacation came on. At the Fall term the motion was renewed; there was good cause for redocketing the case as it had not been tried on the merits, and the trouble was due to a misunderstanding. If the defendant had wanted a trial, it could have set the case down for trial, or it could have entered a motion to dismiss the action for want of prosecution. The fact that neither of these steps was taken, strongly confirms the affidavits filed by the plaintiff.

Judgment reversed and cause remanded for further proceedings consistent herewith.